## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| STACY JONES, | § | |
|        **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | **SA-21-CA-0710** |
| **Christine Wormuth, Secretary,** | § | |
| **DEPARTMENT OF THE ARMY,** | § | |
|        **Defendant.** | § | |

## COMPLAINT

Plaintiff Stacy Jones, by her attorneys Gaul and Dumont, complaining of Defendant Christine Wormuth, Secretary, Department of the Army, alleges:

## JURISDICTION AND VENUE

(1)     This action is brought to remedy discrimination on the basis of race (Black) and sex (female), in the terms, conditions, and privileges of employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*

This is also an action for retaliation for previous protected activity under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*

(2)     Injunctive and declaratory relief, damages, and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. §2000e-5(f) and (g) and 42 U.S.C. §1981a.

(3)     Plaintiff Stacy Jones, a resident of the State of Texas, filed a Formal Complaint of Discrimination against Defendant on October 12, 2016, through the Federal Sector Equal Employment Opportunity Commission ("EEOC") system, complaining of the acts of race and sex discrimination, retaliation, and hostile work environment alleged herein. Due to ongoing discrimination, retaliation, and hostile work environment, Plaintiff filed 12 amendments to the Formal Complaint from October 25, 2016 to December 1, 2017.

(4)     In accordance with 29 CFR §1614.407, it has been more than 180 days since Plaintiff filed the Formal Complaint and amendments, and there has been no final action by Defendant.

(5)     Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under Title VII.   Jurisdiction of the Court is proper under §706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3).

(6)     As the unlawful employment practices complained of herein occurred within the Western District of Texas, venue is proper in this District pursuant to §706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3), and 28 U.S.C. §1391(b).

## PARTIES

(7)     Plaintiff has been employed by Defendant since March 2008, and is presently assigned as Current Operations Staff Specialist, 0301, GS-13, at Fort Sam Houston, Joint Base San Antonio, Texas.

(8)     Defendant is an employer as defined by Title VII.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

(9)     Plaintiff was previously assigned by Defendant to Fort Huachuca in Arizona, where she was subjected to race and sex discrimination, retaliation, and a hostile work environment. After filing a Formal Complaint of Discrimination with the EEOC, a written resolution was reached with Defendant, on February 15, 2015, but the discrimination, retaliation and hostile work environment continued. Plaintiff was transferred by Defendant to Fort Sam Houston, San Antonio, Texas in March 2015, but the discrimination, retaliation, and hostile work environment continued in the new location.

(10)    On July 22, 2016, Plaintiff contacted the EEOC in Texas, to report the

discrimination, retaliation and hostile work environment which began in October 2015, shortly after she was transferred to Texas.

(11)    In her Formal Complaint and 12 amendments, Plaintiff reported the following incidents of discrimination, retaliation, and hostile work environment:

a. On or about October 2015, Plaintiff was told she was professionally and emotionally harmed from her previous EEOC complaint at Fort Huachuca, and that she was "overly sensitive".

b. Her complaints about discrimination and retaliation by her supervisor, including assigning Plaintiff unachievable timeframes to accomplish work projects, creating backdated Memorandums for Record with false allegations about Plaintiff, and taking away Plaintiff's regular days off, were disregarded by upper management. She was told it was just her supervisor's leadership style and Plaintiff would have to work with it the best she could, because they liked her supervisor and he would remain her supervisor.

c. On July 28, 2016, Plaintiff's supervisor told her he refused to work with her because she filed a complaint with the EEOC on July 22, 2016.

d. In about August 2016, upper management instructed Plaintiff several times to stay in her cubicle, keep her head down, and "don't poke the bear," referring to Plaintiff's supervisor.

e. On or about August 5, 2016, Defendant rescinded Plaintiff's attendance at a training scheduled for August 9-11, 2016.

f. On August 26, 2016, Defendant withheld awards and recognition for the work performed by Plaintiff.

g. On or about September 21, 2016, Plaintiff was awarded approximately half of the performance award her coworkers received, even though she and her coworkers were part of the same performance award submitted by her supervisor.

h. On September 28, 2016, Plaintiff's supervisor openly said demeaning and unprofessional comments about Plaintiff.

i. On October 3, 2016, Defendant used Plaintiff's EEOC complaint testimony and initiated a 15-6 investigation on her pending EEOC complaint.

j. On October 25, 2016, Defendant reassigned Plaintiff without her input or awareness and she was assigned a new supervisor.

k. On December 7, 2016, Defendant took away Plaintiff's ACOE program duties.

l. On March 15, 2017, upper management failed to intervene and stop the retaliation by Plaintiff's former supervisor, when he would walk by Plaintiff's desk and curse and make threatening comments towards her.

m. On March 29, 2017, Plaintiff was assigned a new supervisor to monitor and review her work assignments, which resulted in Plaintiff being placed on a daily schedule to accomplish excessive tasks that were not possible to complete in a timely manner.

n. On April 25, 2017, Plaintiff was denied the opportunity to attend the FY17 ACOE Best Practices symposium and ceremony.

o. On or about April 2017, Plaintiff was excluded from ACOE program and planning meetings and excluded as the Action Officer.

p. On or about April 27, 2017, Plaintiff was intimidated when Defendant questioned her about her testimony given to the EEOC investigator on April 25, 2017.

q. On or about May 2017, Defendant denied Plaintiff's request for compensatory time to finish a pending task.

r. In May 2017, Defendant denied one of Plaintiff's many requests to be reassigned out of the Directorate, and also refused her request to initiate a 15-6 investigation regarding the ongoing

discrimination, retaliation, and hostile work environment.

s. On June 8, 2017, Defendant refused to provide Plaintiff a performance appraisal plan for the period of October 2016 to March 2017.

t. On June 22, 2017, Defendant disapproved Plaintiff's request for professional development training scheduled for July 10-13, 2017.

u. On June 30, 2017, Defendant reassigned Plaintiff's essential/core ACOE functions to other workers.

v. On June 8, 2017, Plaintiff's new supervisor of only three months, gave her a negative mid-review performance evaluation.

w. On June 30, 2017, Plaintiff's new supervisor failed to maintain her privacy and confidentiality in regards to her pending EEOC complaint by leaving an email at the office copier machine.

x. On July 27, 2017, the new supervisor gave Plaintiff a "3" rating on her 2017 Senior System Civilian Evaluation Report without input from the previous supervisor who supervised her for the first six months of the rating period.

y. On August 28, 2017, Plaintiff was forced to clear out her desk and move to another cubicle within the G-3/5/7 Directorate.

z. On August 28, 2017, Plaintiff was "detailed" out of ACOE and into a new set of duties within the G-3/5/7 Directorate pending a 15-6 investigation.

aa. On August 22, 2017, Plaintiff was required to provide proof of her emergency leave status for the time period August 8-11, 2017, when other employees were not required to provide proof.

bb. On August 29, 2017, Plaintiff was ordered to perform "NO actions in the ACOE

program" until further notice.

cc. On August 30, 2017, Plaintiff was ordered to input 5 performance elements into the DoD Performance Management and Appraisal Program (DPMAP) system without her concurrence of the performance elements.

dd. On September 1, 2017, Defendant initiated a 15-6 investigation, investigating Plaintiff's third, fifth and sixth accepted amendments of her formal EEOC complaint.

ee. On September 15, 2017, Defendant denied Plaintiff's request to appoint someone unbiased as the deciding official for her formal grievance for the senior system civilian evaluation rating period of July 1, 2016 to June 30, 2017.

ff. On September 20, 2017, Defendant tried to intimidate and coerce Plaintiff to change the statement she provided for her EEOC complaint that Plaintiff also reported to upper management.

gg. On September 27, 2017, Defendant initiated a "No Contact Order" to Plaintiff for allegedly harassing her first supervisor.

hh. On October 4, 2017, Defendant again denied one of Plaintiff's many requests for reassignment out of the Directorate.

ii. On or about November 21, 2017, Plaintiff discovered she had been excluded from participation in the ACOE competition process, which as ACOE program manager, she had overseen the previous two years.

## FIRST CAUSE OF ACTION

(12)    Defendant has discriminated against Plaintiff in the terms and conditions of her employment on the basis of her race (Black), in violation of Title VII.

(13)    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court

grants relief.

## SECOND CAUSE OF ACTION

(14)    Defendant has discriminated against Plaintiff in the terms and conditions of her employment on the basis of her sex (female), in violation of Title VII.

(15)    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## THIRD CAUSE OF ACTION

(16)    Defendant has retaliated against Plaintiff in the terms and conditions of her employment in violation of Title VII.

(17)    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's retaliatory practices unless and until this Court grants relief.

## FOURTH CAUSE OF ACTION

(18)    Defendant has created a hostile work environment in violation of Title VII.

(19)    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of hostile work environment created by Defendant unless and until this Court grants relief.

## PRAYER FOR RELIEF

(20)    WHEREFORE, Plaintiff respectfully requests this Court enter a judgment:

(a)    Declaring the acts and practices complained of herein are in violation of Title VII;

(b)    Enjoining and permanently restraining these violations of Title VII;

(c)    Directing Defendant to take such affirmative action as is necessary

to ensure the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

(d)     Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory/retaliatory treatment of her, and make her whole for all earnings she would have received but for Defendant's discriminatory/retaliatory treatment, including, but not limited to, wages, pension, and other lost benefits;

(e)     Awarding Plaintiff compensatory damages;

(f)     Awarding Plaintiff, the costs of this action together with reasonable attorneys' fees, as provided by §706(k) of Title VII, 42 U.S.C. §2000e-5(k); and

(g)     Granting such other and further relief as this Court deems necessary and proper.

## DEMAND FOR A TRIAL BY JURY

(21)     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands

a trial by jury in this action.

Respectfully submitted,

LAW OFFICES OF
GAUL AND DUMONT
315 East Euclid Avenue
San Antonio, Texas 78212
(210) 225-0685
(210) 595-8340 - Fax


By: */s/Malinda A. Gaul*
MALINDA A. GAUL
State Bar #08239800
Attorney for Plaintiff